UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X
JANE DOE,

                            Plaintiff,                        Civil Case No: 19-cv-15750

   -against-                                         Plaintiff Demands a
                                                                Trial by Jury

SUMMIT OAKS HOSPITAL,
UNIVERSAL HEALTH SERVICES INC.,               **COMPLAINT**
OANA RADU, individually, and
NICHOLAS HEMMINGS, individually,

                            Defendants.
----------------------------------------------------------X

Plaintiff JANE DOE (hereinafter referred to as "Plaintiff") by and through her attorneys, Derek Smith Law Group, PLLC, hereby complains of Defendants, SUMMIT OAKS HOSPITAL (hereinafter referred to as "SUMMIT OAKS"), UNIVERSAL HEALTH SERVICES INC. (hereinafter referred to as "UHSI"), OANA RADU (hereinafter referred to as "RADU"), and NICHOLAS HEMMINGS (hereinafter referred to as "HEMMINGS"), (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to, *inter alia*, Title III of the Americans with Disabilities Act of 1990 ("ADA"), as amended; the New Jersey Law Against Discrimination ("NJLAD"), and the laws of the State of New Jersey, seeking declaratory and injunctive relief to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, disability discrimination, sex/gender discrimination, sexual harassment, sexual assault, intentional infliction of emotional distress, and negligent hiring/retention/supervision by Defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the ADA. This Court also has jurisdiction pursuant to 29 U.S.C. §2617, 28 U.S.C. §§1331, 1343 and pendent jurisdiction thereto.

4. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the District of New Jersey (Newark).

## PARTIES

5. At all times material, Plaintiff is an individual female residing in the State of New Jersey within the County of Ocean. At all times material, Plaintiff suffers from bipolar disorder.

6. At all times material, Defendant SUMMIT OAKS is a domestic corporation duly existing by the virtue and laws of the State of New Jersey. Defendant SUMMIT OAKS owns and operates a Mental Health Facility located at 19 Prospect Street, Summit, New Jersey 07901.

7. At all times material, Defendant UNIVERSAL HEALTH SERVICES INC. is a foreign corporation duly existing by the virtue and laws of the State of Delaware. UNIVERSAL HEALTH SERVICES INC. is a hospital management company.

8. At all times material, Defendant RADU is an individual female, who is a resident of the State of New Jersey. At all times material, SUMMIT OAKS employed Defendant RADU as the Chief Executive Officer of Defendant SUMMIT OAKS.

9. At all times material, Defendant HEMMINGS is an individual male, who is a resident of the State of New Jersey. At all times material, Defendant SUMMIT OAKS employed Defendant HEMMINGS as a Mental Health Aid.

## MATERIAL FACTS

10. On or about October 16, 2017, Plaintiff voluntarily admitted herself as a psychiatric patient to Defendant SUMMIT OAKS with acute symptoms of anxiety and depression.

11. Shortly thereafter, on or about October 17, 2017, Plaintiff was egregiously sexually assaulted and harassed by Defendants' employee, Defendant HEMMINGS.

12. The specific details of Defendant HEMMINGS' sexual assault of Plaintiff JANE DOE are as follows: on or about October 17, 2017, Plaintiff laid down in her hospital bed to go to sleep. Immediately after lying down, Plaintiff noticed Defendant HEMMINGS standing over her silently while she attempted to fall asleep. Plaintiff was extremely uncomfortable with Defendant HEMMINGS' unnerving presence and inappropriately close proximity to her. Plaintiff immediately instructed Defendant HEMMINGS to move away from her.

13. Despite Plaintiff's complaint, Defendant HEMMINGS ignored Plaintiff's request and continued to approach Plaintiff's bed. Defendant HEMMINGS then attempted to remove the hospital blanket that was covering Plaintiff. Plaintiff instructed HEMMINGS that he could not remove her blanket because she was naked underneath, to which HEMMINGS responded, "**JUST LET ME SEE FOR A SECOND**." Plaintiff was shocked at Defendant HEMMINGS' conduct and again instructed Defendant HEMMINGS to cease his inappropriate sexual advances. However, HEMMINGS refused to adhere to Plaintiff's request and continued to remove the blanket that was covering Plaintiff's unclothed body.

14. Quite shockingly, Defendant HEMMINGS then proceeded to grope Plaintiff's vagina and stated, "**DO YOU WANT TO SEE ME NOW**?" Plaintiff immediately slapped Defendant Hemmings hand away from her groin area. Defendant HEMMINGS then continued to unzip his pants, pull out his penis, and began to masturbate above Plaintiff's body while she lay there

defenseless and frozen in fear. Defendant HEMMINGS panted and moaned while he pleasured himself inches away from Plaintiff's face. Plaintiff was horrified by Defendant HEMMINGS' appalling sexual conduct and demanded he: "**PUT YOUR PENIS AWAY**." In response, Defendant HEMMINGS warned Plaintiff, "**DON'T TELL ANYONE ABOUT THIS**," and exited Plaintiff's hospital room.

15. Defendant HEMMINGS discriminated against Plaintiff because of her disability and sex/gender by sexually assaulting and sexually harassing Plaintiff.

16. Plaintiff JANE DOE experienced severe emotional distress as a direct result of Defendant HEMMINGS blatant sexual misconduct.

17. The following day, on or about October 18, 2017, Plaintiff informed another patient of Defendant SUMMIT OAKS, DOMINIQUE (last name unknown) (hereinafter referred to as "DOMINIQUE"), about the sexual assault she was subjected to by Defendant HEMMINGS. In response, DOMINIQUE informed Plaintiff that, she too, had also been sexually assaulted by Defendant HEMMINGS while at SUMMIT OAKS on a number of occasions.

18. During Plaintiff's conversation with DOMINIQUE, another patient of Defendant SUMMITS OAKS, KATHY (last name unknown) (hereinafter referred to as "KATHY"), stated that Defendant HEMMINGS had also sexually harassed her by making comments such as, "**WHY DO YOU OPEN YOUR LEGS FOR ME WHEN I COME IN THE ROOM**."

19. It is evident that Defendant HEMMINGS exhibited a pattern and practice of sexually assaulting and sexually harassing mentally ill patients at Defendant SUMMIT OAKS medical facility.

20. On or about October 18, 2017, Plaintiff JANE DOE informed Defendant RADU and MICHAEL RABY (hereinafter referred to as "RABY"), who was the Charge Nurse at the time of the incident, that Defendant HEMMINGS had sexually assaulted her the prior night.

21. Defendant RADU, Defendant SUMMIT OAK'S CEO, was also aware of the sexual harassment and sexual assault that Defendant HEMMINGS subjected Plaintiff to, but failed to take any corrective action.

22. At all times material, Defendants took no immediate or corrective action to ensure that Defendant HEMMINGS would not sexually harass or assault any other patient of Defendant SUMMIT OAKS.

23. At all times material, Defendant HEMMINGS acted willfully, intentionally and recklessly.

24. At all times material, Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

25. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

26. As a result of Defendants' unlawful, discriminatory and callous treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments, including depression and anxiety. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition(s).

27. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants.

28. The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER THE ADA
### [Against Defendant SUMMIT OAKS]

29. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

30. The Americans with Disabilities Act ("ADA"), 42 U.S.C. 12181-12189 - §36.201 (a) provides:

    "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation."

31. Defendant SUMMIT OAKS engaged in unlawful activity prohibited by the ADA, by subjecting Plaintiff to discrimination on the basis of her disability (depression and anxiety) and causing a harassing and hostile environment based on same.

32. Plaintiff hereby makes a claim against Defendant SUMMIT OAKS under all applicable paragraphs of the ADA.

33. Defendant violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### DISCRIMINATION UNDER NEW JERSEY STATE LAW
### [Against All Defendants]

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above-paragraphs of this Complaint, with the same force and effect as it fully set forth herein.

35. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful discriminatory practice:

"(2)Notwithstanding the definition of "a place of public accommodation" as set forth in subsection l. of section 5 of P.L.1945, c.169 (C.10:5-5), for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any private club or association to directly or indirectly refuse, withhold from or deny to any individual who has been accepted as a club member and has contracted for or is otherwise entitled to full club membership any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any member in the furnishing thereof on account of the race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy, sex, gender identity, or expression, affectional or sexual orientation, disability or nationality of such person."

36. Defendants engaged in an unlawful discriminatory practice prohibited by NJ LAD Section 10:5 *et seq.*, by subjecting Plaintiff to discrimination and harassment on the basis of her sex/gender and disability.

37. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
### [Against All Defendants]

38. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

39. Plaintiff has been continually, frequently and persistently subjected to offensive, vulgar, violent and crude material, comments and actions by Defendants, administrators and/or staff, including the sexual assault, sexual comments, and unwelcomed requests for sex by Defendant HEMMINGS against Plaintiff based upon her sex/gender.

40. Based upon the foregoing, the Defendants have engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society as it was in a deliberate, callous, malicious and oppressive manner with the intent to harm Plaintiff; was with an evil motive amounting to malice, spite, animosity, and bias; and was done in conscious disregard of Plaintiff's rights.

41. As a direct and proximate result of their actions and conduct, the Defendants intended to, and did intentionally or recklessly cause Plaintiff to suffer and continue to suffer severe mental injury and anguish, including but not limited to: emotional distress, stress, anxiety, humiliation, embarrassment, emotional and physical pain and suffering, and loss of self-esteem and self-confidence, for which she is entitled to an award of monetary damages and other relief.

42. As a direct and proximate result of the hostile work environment and the Defendants' unlawful discriminatory conduct and acts in violation of Plaintiff's constitutional and statutory rights, Plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, including but not limited to: reputational harm; loss of self-esteem and self-confidence; damage to her personnel file and disciplinary history; and loss of other benefits of employment yet to be determined for which she is entitled to an award of monetary damages and other relief.

43. The Defendants' extreme and outrageous conduct was knowing, malicious, intentional, willful and wanton, entitling Plaintiff to an award of punitive or exemplary damages.

44. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## ASSAULT AND BATTERY
## [Against All Defendants]

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

46. That the aforesaid occurrences to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants. Defendant HEMMINGS suddenly, and without provocation, did physically assault and batter Plaintiff when, on numerous occasions, Defendant sexually assaulted Plaintiff by groping her and unlawfully touching her vagina.

47. Through his unlawful conduct, Defendant caused unwelcome contact to Plaintiff, causing the Plaintiff to sustain damages.

48. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## AIDING & ABETTING UNDER NEW JERSEY STATE LAW
## [Against All Defendants]

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful discriminatory practice:

> "For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

51. Defendants engaged in an unlawful discriminatory practice prohibited by NJ LAD Section 10:5 *et seq.*, by aiding, abetting, inciting, compelling and/or coercing the discriminatory, unlawful, and retaliatory conduct as stated herein.

52. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING/TRAINING/RETENTION/SUPERVISION
### [Against All Defendants]

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. Defendants owed Plaintiff a legal duty of care. Defendants placed their employees in a position to cause foreseeable harm which the Plaintiff would have been spared had the Defendants taken reasonable care in supervising or retaining the employee, Defendant HEMMINGS.

55. The Defendants knew or should have known of their employees' propensity for the conduct that caused the injury.

56. But for the Defendants' breach of duty owed to Plaintiff, and Plaintiff's detrimental reliance thereon, Plaintiff would not have suffered the harm alleged herein.

57. Defendants were negligent in the hiring, training, supervision and retention of said employees.

58. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, and other damages for which they are entitled to compensatory, equitable and other lawfully available relief in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Date: New York, New York
July 24, 2019

                                              Respectfully Submitted,
                                              **DEREK SMITH LAW GROUP, PLLC**
                                              *Attorneys for Plaintiff*

BY: *Rachel Allen*
                                              Rachel Allen, Esq.
                                              One Penn Plaza, Suite 4905
                                              New York, New York 10119
                                              (212) 587-0760